*Bullard* for the plaintifls, *Thomas* for the defendant.

—◦◦◦—

### KIMBLE vs. KIMBLE & AL.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The petition states that M. W. Kimble, by an authentic act, and for a valuable consi-

West'nDistrict
Sept. 1823.

SYNDICS OF
BROOKE
*vs.*
HAMILTON.

Creditors may seize the property of their debtor, transferred without consideration.

KIMBLE
vs.
KIMBLE & AL

deration, conveyed to the plaintiff, with other property, real and personal, a negro slave called Sarah, who, ever since has continued in his possession and his property—that she has, however, lately been seized to satisfy a judgment obtained by J. Smith, against said M. W. Kimble. It concluded with a prayer for an injunction, and that the said Smith, the sheriff and the deputy sheriff, and the said M. W. Kimble, be condemned to pay him $500, for damages he has suffered, that he may be quieted in his possession, and have further relief.

The defendant Kimble and the sheriff, pleaded the general issue.

The former further pleaded, that the sale alleged in the petition was a simulated one, and was made at a time, when he was much embarrassed, and with the view of protecting his property from executions, and that afterwards he surrendered to the plaintiff the notes he had given to him, as the consideration of the sale, and he required that the plaintiff might be ordered to answer certain interrogatories, on oath.

The sheriff farther pleaded, that the slave was pointed out to him, by the defendant Kimble, to be seized, for the satisfaction of the _fi. fa._

In answer to the interrogatories of the defendant Kimble, the plaintiff answered :

1. That the consideration of the sale was the notes and mortgages, mentioned in the authentic act.

2. They were surrendered to the defendant Kimble; the plaintiff never paid them.

3. He does not recollect that he ever promised to return the bill of sale. The defendant frequently told him he might keep the property, and consider it as his own, and that he would rather that the plaintiff should have it than any body else. The plaintiff considered the property as his own, according to the sale, and was the legal owner authorised to dispose of it.

4. The original intention of the parties was to prevent a sale of the property by the sheriff. The defendant said he expected to lose the property ; at all events, he did not care whether he ever got any part of it. The plaintiff considered himself as the legal owner, and sold a part of it with warranty, with the defendant's knowledge.

5. He never considered himself bound to give up the property. He considered it optional with him to give it up or not.

The deputy sheriff pleaded, that he acted by the orders of his principal.

The creditor, plaintiff in the *fi. fa.*, pleaded the general issue, and that the sale exhibited by the plaintiff is a somulated one, and void as to creditors.

The injunction was made perpetual; and the defendants appealed.

The defendants introduced in evidence the record of the suit, in which the *fi. fa.* issued.

The plaintiff introduced his deed of sale, and the vendor's discharge.

J. Kimble deposed that the plaintiff sold 150 acres of land, which W. M. Kimble had sold him. He had lived on the premises about two years. The plaintiff conveyed the land, at W. M. Kimble's *request, by letter.* The plaintiff has none of the negroes mentioned in the deed of sale, except Sally; she has been on the plantation purchased by the plaintiff from Plauche, about two years.

Cappele deposes that W. M. Kimble made a bargain for the sale of Charity, and the plaintiff made the title; Scott made a bargain for 400 acres of land, but W. M. Kimble and the plaintiff made the title.

J. Kimble deposed he heard the plaintiff

say he had the property to hold for W. M.
Kimble.

Our attention is first arrested by a bill of exceptions taken to the opinion of the court, in ordering the plaintiff to answer W. M. Kimble's interrogatories.

It does not appear to us that the judge erred. The interrogatories were pertinent and material to the cause, in his opinion, and the defendant had sworn they would materially aid his defence.

The evidence in the case shews, beyond the possibility of doubt, that the plaintiff holds the slave Suzan, without having paid, or being bound to pay, any thing therefor. That she was conveyed to him for the purpose of being protected from the claim of the creditors of her owner; that no alienation was intended, is to presumed, from the distressed situation of the alienor, and the subsequent conduct of the alienee, who (when the alienor found the chance to dispose of part of the aliened property,) made a title to the alienor's bargainee. *Nemo presumitur donare.* The simulation of the sale is clearly proved: the vendor is a party to the suit; and has clearly shewn that the plaintiff and vendee holds to his use—the

West'n District property, consequently, is liable to the credi-
*Sept.* 1823. tor's execution.

KIMBLE
*vs.*
KIMBLE & AL.

It is therefore ordered, adjudged, and de-
creed, that the judgment be annulled, avoided,
and reversed ; and that the injunction be dis-
solved, and that the plaintiff pay costs in both
courts.

*Thomas* for the plaintiffs, *Bullard* for the
defendants.